THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for the Estate of
Plaintiff, Timothy J. Harden
by his Adminstratrix ad Prosequendum,
Theresa Taylor, and Plaintiffs
Theresa Taylor and Melissa Barna, individually

| | |
|---|---|
| **TIMOTHY J. HARDEN** by his Adminstratrix ad Prosequendum, Theresa Taylor, and **THERESA TAYLOR** and **MELISSA BARNA**, individually<br><br>    Plaintiffs,<br><br>    vs.<br><br>**HOWELL TOWNSHIP**; **ANDREW A. KUDRIACK, Jr.,** Chief of Police; **JOHN DOES 6-10,** Personnel of the Howell Township Police Department in supervisory capacities; **JOHN DOES 1-5,** members of the Howell Township Police Department, **PRIEDAINE NEW JERSEY LATVIAN SOCIETY**; **SOUPER GROOVE, LLP; JEFFREY MAHAJAN, ANDREW R. MEYER, CHRISTY MEYER,** event planners/promoters, Principles of the Souper Groove music festival and/or Souper Groove LLP; **GRIFFIN'S SECURITY, LLC**; **ABC CORPORATIONS 1-5; JOHN DOES 11-20**, Agents, Servants and/or employees of Priedaine New Jersey Latvian Society; Souper Groove, LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security, LLC, and/or ABC Corporations 1-5,<br><br>    Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT COURT OF NEW JERSEY<br><br>TRENTON<br><br><br>Civil Action No.:<br><br>**COMPLAINT** |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. The deceased, Plaintiff Timothy J. Harden, late of 1201 Bayview Drive, Belmar, New Jersey, 07719, was at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

3. On September 11, 2015, letters of Administration Ad Prosequendum were granted by the Surrogate of the County of Monmouth, State of New Jersey, to Theresa Taylor, residing at 543 Finchley Drive, Brick, New Jersey, 08723, for the purpose of prosecuting claims of the Estate of Timothy J. Harden, deceased, against the defendants.

4. At all times relevant herein, Plaintiffs Theresa Taylor and Melissa Barna (residing at 609 Maple Street, Lakehurst, New Jersey, 08733) were the sisters of the deceased, Plaintiff Timothy J. Harden. Timothy J. Harden's parents were deceased at all times relevant herein and he has no offspring.

5. Defendants John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Howell Township Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of Defendant Howell Township and were acting under the color of law.

6. Defendants Chief of Police Andrew A. Kudriack, Jr. and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Howell Township Police

Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Defendant Howell Township and were acting under the color of law.

7. Defendants Chief of Police Andrew A. Kudriack, Jr. and/or John Does 6-10 were acting in supervisory capacities over Defendants John Does 1-10 and responsible by law for the training, supervision and conduct of Defendants John Does 1-10.

8. Defendant Howell Township is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

9. At all times relevant hereto, Defendant Howell Township employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Kudriack and/or John Does 1-10.

10. Defendant Priedaine New Jersey Latvian Society is a business entity/corporation with offices for service of process located at 1017 Route 33 Freehold Township-Howell Township, New Jersey, 07728 , and at all times material hereto did operate, by its agents, servants, workers, and/or employees, the Souper Groove music festival.

11. Defendant Souper Groove, LLP, is a business entity/corporation with offices for service of process located at 48 Neil Avenue, Brick, New Jersey, 08724-7018, and at all times material hereto did operate, by its agents, servants, workers, and/or employees, the Souper Groove music festival.

12. Defendants Andrew R. Meyer, Christy Meyer and Jeffrey Mahajan are the owners; principals; agents, servants and/or employees of Defendant Souper Souper LLP, with a business address located at 48 Neil Avenue, Brick, New Jersey, 08724-7018, and at all times material hereto did operate, by their agents, servants, workers, and/or employees, the Souper Groove music festival.

13.  Defendant Griffin's Security, LLC, is a business entity/corporation with offices for service of process located at 497 Broadway, #11, Bayonne, New Jersey, 07002, and at all times material hereto did provide security and other services, through its agents, servants, workers, and/or employees, to the Souper Groove music festival.

14.  Defendants ABC Corporations 1-5 are business entities /corporations located in and/or doing business in the State of New Jersey, and at all times material hereto did operate by its agents, servants, workers, and/or employees, the Souper Groove music festival.

15.  Defendants ABC Corporations 1-5 at all times relevant hereto were agents, servants and/or employees of Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security, LLC, and/or John Does 11-20.

16.  Defendants John Does 11-20 at all times material hereto did operate, by its agents, servants, workers, and/or employees, Souper Groove music festival.

17.  Defendants John Does 11-20 at all times relevant hereto were agents, servants and/or employees of Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security, LLC, and/or ABC Corporations 1-5 .

18.  Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security, LLC; ABC Corporations 1-5, and/or John Does 11-20 were responsible for providing security, medical services and/or other services for patrons and/or business invitees of the Souper Groove music festival.

19.  Defendants  Priedaine New Jersey Latvian Society; Souper Groove, LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security, LLC; ABC Corporations 1-5, and/or

John Does 11-20 are required by law to ensure that those persons under their supervision obey the laws of the State of New Jersey during the course of their employment.  They are joined individually and in their capacities as agents, servants, and/or employees of Priedaine New Jersey Latvian Society; Souper Groove, LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security, LLC; ABC Corporations 1-5, and/or John Does 11-20 who were acting within the scope of their authority and/or employment.

20.  Suit is brought against all individually named Defendants, corporations and/or business entities in their personal and official  capacities.

## FACTUAL ALLEGATIONS

1. On or about September 3, 2015, Plaintiff Timothy J. Harden attended the Souper Groove music festival in the capacity as a volunteer worker and/or a business invitee.

2. The Souper Groove music festival was a weekend long venue featuring musical acts, where alcohol and drugs were available, open and obvious to the public, festival staff and/or security personnel.

3. On or about 9/5/15, festival staff and/or security personnel John Does 11-20 witnessed Plaintiff Timothy J. Harden experiencing a medical and/or psychiatric episode in which Plaintiff appeared to be agitated, fearful and in obvious need of medical assistance.

4. Defendants John Does 11-20 were agents, servants and/or employees of Defendants Priedaine New Jersey Latvian Society; Souper Groove LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security, LLC; ABC Corporations 1-5, and/or John Does 16-20.

5. Festival staff and/or security personnel John Does 11-20 responded to Plaintiff Timothy J. Harden's mental and physical condition by restraining him with excessive and unreasonable physical force.

6. Defendants John Does 11-20 called the Howell Township police department after restraining Plaintiff Timothy J. Harden and requested police officers and an ambulance in response to Plaintiff's mental and physical condition.

7. Howell Township police officers Defendants John Does 1-5 arrived and proceeded to restrain and seize Plaintiff, using excessive and unreasonable physical and/or deadly force on plaintiff's person, causing the death of Plaintiff Timothy J. Harden on September 5, 2015.

8. The unreasonable physical and/or deadly force used on Plaintiff included choking him and fracturing his thyroid cartilage. Plaintiff also sustained numerous contusions and abrasions on his head and all over his body.

9. Plaintiff sustained serious bodily injuries, conscious pain and suffering and subsequently died as a result of the actions and/or inactions of Defendants, including but not limited to the assault and excessive and unreasonable physical and/or deadly force used on his person by Howell Township police officers Defendants John Does 1-5 and/or John Does 11-15.

## SECTION 1983 EXCESSIVE FORCE/DEADLY FORCE
## COUNT ONE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced use of excessive and unreasonable physical and/or deadly force on Plaintiff's person by Howell Township police officers Defendants John Does 1-5 committed under color of state law, and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3. As a direct and proximate cause of the unreasonable physical and/or deadly force used by Howell Township police officers Defendants John Does 1-5 on Plaintiff's person as set forth

above, Plaintiff sustained serious bodily injuries; conscious pain and suffering; subsequently died, and incurred medical and funeral expenses as well as additional special damages yet to be determined.

**WHEREFORE,** Plaintiff Theresa Taylor as Administratrix Ad Prosequendum for the Estate of Plaintiff Timothy J. Harden, deceased, and Plaintiffs Theresa Taylor and Melissa Barna, individually, demand judgment against Howell Township police officers Defendants John Does 1-5, on this Count together with compensatory damages; damages pursuant to the New Jersey Wrongful Death and Survivor's Acts; punitive damages; attorney's fees; interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### SECTION 1983 UNLAWFUL SEIZURE
### COUNT TWO

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The aforementioned acts of Defendants Howell Township police officers Defendants John Does 1-5 in restraining the Plaintiff's liberty were objectively unreasonable, excessive, for an excessive and unreasonable period of time and/or undertaken without legal or factual justification, amounting to an unlawful seizure of Plaintiff's person.

3. The aforementioned acts amounted to a violation of Plaintiff's constitutional right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States, made actionable through 42 U.S.C. Section 1983.

4. As a direct and proximate cause of Howell Township police officers Defendants John Does 1-5's unlawful seizure, Plaintiff sustained serious bodily injuries; conscious pain and suffering; subsequently died, and incurred medical and funeral expenses as well as additional special damages yet to be determined.

**WHEREFORE,** Plaintiff Theresa Taylor as Administratrix Ad Prosequendum for the Estate of Plaintiff Timothy J. Harden, deceased, and Plaintiffs Theresa Taylor and Melissa Barna, individually, demand judgment against Howell Township police officers Defendants John Does 1-5 on this Count together with compensatory damages; damages pursuant to the New Jersey Wrongful Death and Survivor's Acts; punitive damages; attorney's fees; interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### SECTION 1983 FAILURE TO INTERVENE
### COUNT THREE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants John Does 1-5 were Howell Township Police Officers and at all times mentioned herein were acting under color of state law.

3. Howell Township Defendant police officers John Does 1-5 had a duty to intervene in the unjustified assault of Plaintiff by Howell Township police officers Defendants John Does 1-5 and/or John Does 11-15.

4. The unjustified assault and use of excessive and unreasonable force on Plaintiff by Howell Township police officers Defendants John Does 1-5 and/or John Does 11-15 deprived Plaintiff of his right to be secure in his person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5. Howell Township police officers Defendants John Does 1-5 had a reasonable opportunity to intervene in the unjustified use of excessive and/or deadly force on Plaintiff's person by Howell Township police officers Defendants John Does 1-5 and/or John Does 11-5 and failed to intervene.

6. As a direct and proximate cause of Howell Township police officers Defendants John Does 1-5's failure to intervene, Plaintiff sustained serious bodily injuries; conscious pain and suffering; subsequently died, and incurred medical and funeral expenses as well as additional special damages yet to be determined.

**WHEREFORE,** Plaintiff Theresa Taylor as Administratrix Ad Prosequendum for the Estate of Plaintiff Timothy J. Harden, deceased, and Plaintiffs Theresa Taylor and Melissa Barna, individually, demand demands judgment against Howell Township police officers Defendants John Does 1-5 on this Count together with compensatory damages; damages pursuant to the New Jersey Wrongful Death and Survivor's Acts; punitive damages; attorney's fees; interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## SECTION 1983 SUPERVISORY LIABILITY
## COUNT FOUR

1. The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Chief of Police Andrew A. Kudriack, Jr. and/or John Does 6-10 were supervisory officials and/or officers in charge at the time Plaintiff was restrained, assaulted and died.

3. Defendants Kudriack and/or John Does 6-10 had a duty to prevent subordinate officers Howell Township police officers Defendants John Does 1-5 from violating the constitutional  rights of citizens and/or detainees, including but not limited to the use of excessive and unreasonable physical and/or deadly force.

4. Defendants Kudriack and/or John Does 6-10 either directed Howell Township police officers Defendants John Does 1-5 to violate Plaintiff's constitutional rights or had knowledge of

and acquiesced in his/their subordinate's violations.

5. As a direct and proximate result of the acts of Defendants Kudriack and/or John Does 6-10 set forth herein, Plaintiff was deprived of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

6. As a direct and proximate cause of the conduct of Defendants as set forth above, Plaintiff sustained serious bodily injuries; conscious pain and suffering; subsequently died, and incurred medical and funeral expenses as well as additional special damages yet to be determined.

**WHEREFORE,** Plaintiff Theresa Taylor as Administratrix Ad Prosequendum for the Estate of Plaintiff Timothy J. Harden, deceased, and Plaintiffs Theresa Taylor and Melissa Barna, individually, demand judgment against Defendants Andrew A. Kudriack, Jr. and/or John Does 6-10 on this Count together with compensatory damages; damages pursuant to the New Jersey Wrongful Death and Survivor's Acts; punitive damages; attorney's fees; interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SECTION 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY/ INADEQUATE TRAINING
## COUNT FIVE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Howell Township's Police Department, Kudriack and/or John Does 6-10 are vested by state law with the authority to make policy on : (1) the use of physical and/or deadly force, internal affairs investigations and/or administrative reviews pursuant to Howell Township Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters,

and/or (4) disciplining officers.  Defendants Kudriack and/or John Does 6-10 are responsible for training Police Officers in the use of physical and/or deadly force, and/or were officers in charge when Plaintiff Timothy J. Harden was assaulted and died.

3. Specifically, Defendant Andrew A. Kudriack, Jr is the Chief of Police. Defendants John Does 6-10 were the supervisory officers of Howell Township police officers Defendant John Does 1-5 at the time Plaintiff was assaulted with excessive and unreasonable physical and/or deadly force and died.

4. At all times mentioned herein, Defendants Kudriack and/or John Does 1-10, as police officers, agents, servants and/or employees of Defendant Howell Township, were acting under the direction and control of Defendant Howell Township and/or its Police Department, Chief of Police Kudriack and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Howell Township Police Department.

5. Acting under color of law pursuant to official policy, practice, or custom, Defendants Howell Township, Kudriack and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Kudriack and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence;  (5) making false arrests, and/or (6) using unreasonable and excessive physical and/or deadly force.

6. Acting under color of law pursuant to official policy, practice, or custom, Defendants Howell Township, Kudriack and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs

processes which ignored evidence and patterns of police misconduct, including the use of excessive and unreasonable physical and/or deadly force, on individual and departmental levels. Defendants Howell Township, Kudriack and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct, use of excessive and/or deadly force and/or inadequate training in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

7. Defendants Kudriack and/or John Does 6-10 failed to : (1) adequately train officers in the use of physical and/or deadly force; (2) failed to adequately train officers in scenarios involving citizens in medical emergencies and/or distress; (3) failed to adequately train officers in scenarios involving citizens in psychiatric emergencies and/or distress; (4) failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Howell Township Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or (5) failed to discipline and/or retrain officers for such violations.

8. Defendants Howell Township, Andrew A. Kudriack, Jr. and/or John Does 6-10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints filed against, Defendants John Does 1-10, and/or other Howell Township Police Officers whereby they customarily and frequently used excessive and unreasonable force on citizens; subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable physical and/or deadly force on citizens/arrestees.

9. Howell Township police officers have been named in at least one other lawsuit alleging excessive force and/or violations of citizens' civil rights, <u>Oefelein v. Howell Township, et als.</u> Civil Action#: 14-03707 (JAP-LHG). The Plaintiff in that case alleged that he was assaulted with excessive force and choked by Howell Township police officers.

10. Despite their awareness, Defendants Howell Township, Kudriack and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Kudriack, John Does 1-10 and/or other Howell Township Police Officers.

11. Defendants Howell Township, Kudriack and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Kudriack and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

12. Defendants Howell Township, Kudriack and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

13. Defendants Howell Township, Kudriack and/or John Does 6-10, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Kudriack and/or John Does 1-10 heretofore described.

14. As a direct and proximate result of the acts of Defendants Howell Township, Kudriack and/or John Does 6-10 as set forth herein, Plaintiff sustained serious bodily injuries; conscious pain and suffering; subsequently died, and incurred medical and funeral expenses as well as additional special damages yet to be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiff Theresa Taylor as Administratrix Ad Prosequendum for the Estate of Plaintiff Timothy J. Harden, deceased, and Plaintiffs Theresa Taylor and Melissa Barna, individually, demand judgment against Defendants Howell Township, Andrew A. Kudriack, Jr. and/or John Does 6-10, on this Count together with compensatory damages; damages pursuant to the New Jersey Wrongful Death and Survivor's Acts; attorney's fees; interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE CLAIMS
## VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)
## COUNT SIX

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive and/or deadly force used, illegal seizure of Plaintiff's person and failure to intervene by Howell Township police officers Defendants John Does 1-5, set forth at length above, deprived Plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act")

3. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

4. As a direct and proximate result of the aforesaid acts of Howell Township police officers Defendants John Does 1-5, Plaintiff sustained serious bodily injuries; conscious pain and suffering; subsequently died, and incurred medical and funeral expenses as well as additional special damages yet to be determined.

**WHEREFORE,** Plaintiff Theresa Taylor as Administratrix Ad Prosequendum for the Estate of Plaintiff Timothy J. Harden, deceased, and Plaintiffs Theresa Taylor and Melissa Barna,

individually, demand judgment against Defendants Howell Township police officers Defendants John Does 1- 5 on this Count together with compensatory damages; damages pursuant to the New Jersey Wrongful Death and Survivor's Acts; punitive damages; attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## ASSAULT AND BATTERY
## COUNT SEVEN

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants John Does 11-15 acting as the agents, servants and/or employees of Defendants Priedaine Latvian Society; Souper Groove, LLP; Griffin's Security, LLC; ABC Corporations, and/or John Does 16-20, committed an assault and battery on Plaintiff by physically injuring him without justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm.

3. The assault and battery committed by these non law enforcement Defendants John Does 11-15 was contrary to the laws of the State of New Jersey, and Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

4. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained serious bodily injuries; conscious pain and suffering; subsequently died, and incurred medical and funeral expenses as well as additional special damages yet to be determined.

**WHEREFORE,** Plaintiff Theresa Taylor as Administratrix Ad Prosequendum for the Estate of Plaintiff Timothy J. Harden, deceased, and Plaintiffs Theresa Taylor and Melissa Barna, individually, demand judgment against Defendants John Does 11-15 on this Count together with together with compensatory damages; damages pursuant to the New Jersey Wrongful Death and

Survivor's Acts; punitive damages; interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### NEGLIGENT HIRING, TRAINING AND SUPERVISION/FAILURE TO PROVIDE ADEQUATE SECURITY
### COUNT EIGHT

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants John Does 11-20 were agents, servants and/or employees of Defendants Priedaine New Jersey Latvian Society; Souper Groove LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20.

3. Defendants John Does 16-20 negligently, recklessly and/or intentionally failed to adequately screen, hire, train, supervise, and/or discipline John Does 11-15. The negligent, reckless and/or intentional acts of Defendants John Does 16-20 include but are not limited to: (1) failure to investigate violent, criminal and/or dangerous propensities of Defendants John Does 11-15 prior and/or subsequent to their hiring, and (2) failure to train and supervise Defendants John Does 11-15 in the use of physical force and providing medical and/or other assistance to, and interacting with, individuals experiencing medical and/or psychiatric emergencies.

4. Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP ; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security, LLC; ABC Corporations 1-5, and/or John Does 16-20 negligently, recklessly and/or intentionally failed to provide adequate security to the business invitees and the public who attended the Souper Groove music festival, including Plaintiff Timothy J. Harden.  The failure of the above named Defendants to provide adequate security includes but is not limited to: (1) assaulting and using excessive and unreasonable force on business invitees, including Plaintiff Timothy J. Harden, and (2) failing to adequately prevent business invitees, including Plaintiff Timothy J. Harden, from sustaining medical and/or psychiatric

injury by obtaining and using drugs and/or consuming excessive amounts of alcohol.

5. The actions and/or inactions of Defendants Priedaine New Jersey Latvian Society; Souper Groove LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20 were contrary to the laws of New Jersey.

6. As a result of the negligence set forth above, Plaintiff sustained serious bodily injuries; conscious pain and suffering; subsequently died, and incurred medical and funeral expenses as well as additional special damages yet to be determined.

7. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

**WHEREFORE,** Plaintiff Theresa Taylor as Administratrix Ad Prosequendum for the Estate of Plaintiff Timothy J. Harden, deceased, and Plaintiffs Theresa Taylor and Melissa Barna, individually, demand judgment against Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20 on this Count together with compensatory damages; damages pursuant to the New Jersey Wrongful Death and Survivor's Acts; punitive damages; interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## AGENCY
## COUNT NINE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP ; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20 were at all times acting in such capacities as the agents, servants, and/or employees of Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP ; Andrew R. Meyer;

Christy Meyer; Jeffrey Mahajan; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20.

3. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

4. The actions and/or inactions of Defendants were contrary to the laws of the State of New Jersey.

5. Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20 are liable for the intentional and/or negligent acts of its agents, servants and/or employees Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP ; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20 by virtue of the doctrine of respondeat superior.

6. As a result of the acts and/or omissions set forth above, Plaintiff sustained serious bodily injuries; conscious pain and suffering; subsequently died, and incurred medical and funeral expenses as well as additional special damages yet to be determined.

**WHEREFORE,** Plaintiff Theresa Taylor as Administratrix Ad Prosequendum for the Estate of Plaintiff Timothy J. Harden, deceased, and Plaintiffs Theresa Taylor and Melissa Barna, individually, demand judgment against Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP ; Andrew R. Meyer; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20 on this Count together with compensatory damages; damages pursuant to the New Jersey Wrongful Death and Survivor's Acts; interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## NEGLIGENCE
## COUNT TEN

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20 had a duty to the plaintiff to not expose him to an unreasonable risk of injury.

3. Through the acts and omissions set forth at length above, Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20 breached that duty.

4. As a direct and proximate result of Defendants' breach of duty to plaintiff, Plaintiff sustained serious bodily injuries; conscious pain and suffering; subsequently died, and incurred medical and funeral expenses as well as additional special damages yet to be determined.

**WHEREFORE,** Plaintiff Theresa Taylor as Administratrix Ad Prosequendum for the Estate of Plaintiff Timothy J. Harden, deceased, and Plaintiffs Theresa Taylor and Melissa Barna, individually, demand judgment against Defendants Priedaine New Jersey Latvian Society; Souper Groove, LLP ; Andrew R. Meyer; Christy Meyer; Jeffrey Mahajan; Griffin's Security; ABC Corporations 1-5, and/or John Does 11-20 on this Count together with compensatory damages; damages pursuant to the New Jersey Wrongful Death and Survivor's Acts; interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

      Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: November 12, 2015                  */s/ Thomas J. Mallon, Esquire*

                                                             **THOMAS J. MALLON, ESQUIRE**