**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| TIMOTHY J. HARDEN, by his Administratrix ad Prosequendum, Theresa Taylor, and THERESA TAYLOR and MELISSA BARNA, individually,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>HOWELL TOWNSHIP; ANDREW A. KUDRIACK, JR., Chief of Police; JOHN DOES 6-10, Personnel of the Howell Township Police Department in supervisory capacities; DANIEL MURPHY; JAMES CONATY; NICHOLAS AUSTIN; MICHAEL MIGDON; VINCENT BONNER; JOHN DOES 1-5, members of the Howell Township Police Department; PRIEDAINE NEW JERSEY LATVIAN SOCIETY; SOUPER GROOVE, LLP; JEFFREY MAHAJAN, ANDREW R. MEYER, CHRISTY MEYER, event planners/promoters, principles of the Souper Groove music festival and/or Souper Groove LLP; GRIFFIN'S SECURITY, LLC; ALLAN GRIFFIN and GLENN GRIFFIN, principles, owners, agents, servants and/or employees of Griffin's Security, LLC; BRANDON CRUZ, DANIEL CASTILLO, ANDREW NERI, BRIAN TOTH, agents, servants and/or employees of Priedaine New Jersey Latvian Society, Souper Groove, LLP, Andrew R. Meyer, Christy Meyer, Jeffrey Mahajan, Griffin's Security, LLC, and/or ABC Corporations 1-5,<br><br>　　　　　Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No. 3:15-cv-8043-BRM-TJB<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

　　Before this Court is a motion (ECF No. 49) by Defendants Glen Griffin, Allan Griffin,

Griffin's Security LLC ("Griffin Security"), Brandon Cruz ("Cruz"), Daniel Castillo ("Castillo"),

Andrew Neri ("Neri"), and Brian Toth ("Toth") (collectively, "Moving Defendants") to dismiss Counts Three (§ 1983), Four (§ 1983), Seven (assault and battery), Nine (negligent hiring, training and supervision/failure to provide adequate security), Ten (agency), and Twelve (breach of duty to not expose deceased to an unreasonable risk of injury) of Plaintiffs' Second Amended Complaint (ECF No. 36). This motion was opposed by Plaintiffs (ECF No. 52) as well as Defendants Howell Township and Andrew A. Kudriack (ECF No. 53). Upon reviewing the papers submitted by counsel, for the reasons set forth below and for good cause having been shown, the Moving Defendants' motion is **DENIED**.

## I. BACKGROUND

The Court accepts as true Plaintiffs' factual allegations from the Second Amended Complaint (ECF No. 21) and draws all inferences in the light most favorable to Plaintiffs. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

This litigation stems from the death of Timothy J. Harden ("Harden"), who volunteered at and attended the weekend-long "Souper Groove music festival" in September 2015. (ECF No. 36 at 3 ¶ 2, 6 ¶ 1-2.) Plaintiffs are Harden's sisters Theresa Taylor ("Taylor"), individually and on behalf of Harden's estate, and Melissa Barnes ("Barnes"), individually (collectively, "Plaintiffs").

Plaintiffs describe the Souper Groove music festival as "a weekend long venue featuring musical acts, where alcohol and drugs were available, open and obvious to the public, festival staff and/or security personnel." (*Id.* at 6 ¶ 2.) The Souper Groove music festival is operated by nonmoving defendants Priedaine New Jersey Latvian Sociey and/or Souper Groove, LLP, owned by the nonmoving defendants Andrew Meyer, Christy Meyer, and Jeffrey Mahajan (collectively, the "Souper Groove Defendants") (*Id.* at 4 ¶ 12-13.) Griffin Security, owned by Allan Griffin and Glenn Griffin, provided security "and other services" for the festival. (*Id.* at 4 ¶ 14-15.) Cruz,

Castillo, Neri, and Toth (collectively, "Security Staff") were "festival staff and/or security personnel" (*Id.* at 6 ¶ 3) and "agents, servants and/or employees" of Allan Griffin, Glenn Griffin, Griffin Security, and/or one or all of the Souper Groove Defendants. (*Id.* at 5 ¶ 17.)

While at the festival, Harden began "experiencing a medical and/or psychiatric episode in which [he] appeared to be agitated, fearful and in obvious need of medical assistance." (*Id.* at 6 ¶ 3.) Security Staff responded to Harden by calling the police and "restraining him with excessive and unreasonable physical and/or deadly force." (*Id.* at 7 ¶ 5-6.) In response, several Howell Township police officers, including nonmoving defendants Daniel Murphy ("Murphy"), James Conaty ("Conaty"), Nicholas Austin ("Austin"), Michael Migdon ("Migdon"), Vincent Bonner ("Bonner") (collectively, the "Howell Police Officers"), arrived at the festival and allegedly "restrain[ed] and seiz[ed] [Harden], using excessive and unreasonable physical and/or deadly force on [Harden]'s person, causing the death of [Harden]." (*Id.* at 7 ¶ 7.)

Plaintiffs allege the "unreasonable physical and/or deadly force used on [Harden] included choking him and fracturing his thyroid cartilage" and that Harden also "sustained numerous contusions and abrasions on his head and all over his body." (*Id.* at 7 ¶ 8.) They allege the assault by the Security Staff and the Howell Police Officers resulted in "serious bodily injuries, conscious pain and suffering and subsequently d[eath]." (*Id.* at 7 ¶ 9.)

Moving Defendants move to dismiss Counts Three, Four, Seven, Nine, Ten, and Twelve of the Second Amended Complaint, discussed *ad seriatim* below, arguing: (1) the allegations in the Second Amended Complaint do not specifically "identify what each individual defendant actually did to cause the death of . . . Harden"; (2) the Second Amended Complaint does not specifically allege "any harm caused by the [Moving Defendants] as to [Taylor] and [Barnes]"; (3) the Moving Defendants are not liable under any Section 1983 causes of action; (4) the Second

Amended Complaint fails to allege any facts in support of its claims against Griffin Security; and (5) the Second Amended Complaint fails to allege facts sufficient to pierce the corporate veil of Griffin Security. (ECF No. 49-1 at 8, 14, 15-17.) In support of their motion, Moving Defendants rely on the investigation file from the Monmouth County Prosecutor's Office ("Prosecutor's File"), a file comprised of over 250 pages and 100 individual documents. (ECF Nos. 49-4, 49-5.)

Plaintiffs argue Moving Defendants' reliance on the Prosecutor's File converts this motion to a summary judgment motion, and, as a result, they responded with their own exhibits and statement of facts. Nevertheless, Plaintiffs argue that the Second Amended Complaint is sufficient to survive a motion to dismiss. (ECF No. 52.)

Defendants Howell Township and Andrew A. Kudriack also oppose this motion, arguing it is premature and further discovery is needed. (ECF No. 53.) In response, the Moving Defendants argue they have no standing to oppose the motion, because the motion was not brought against them. (ECF No. 60.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those

4

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court's review on a motion to dismiss is, with few exceptions, limited to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). One exception is the consideration of "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Where documents outside the complaint are considered, the Court is required to convert the motion to one for summary judgment and provide notice of the conversion to the parties. *Id.* The notice provision "affords the plaintiff an opportunity to respond." *Id.* However, that concern "is dissipated 'where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)); *Pension Ben. Guar. Corp*, 998 F.2d at 1196-97.

## III. DECISION

### A. Scope Of Review On Motion To Dismiss

Moving Defendants submitted the Prosecutor's File and argue the Court should consider it without converting the motion to one for summary judgment, because the Plaintiffs "obtained this information [regarding Harden's injuries] from the autopsy reports . . . , which is included in the Prosecutor's [File]" and therefore "implicitly relied on [it] in their [Second] Amended Complaint." (Moving Defs.' Reply, ECF No. 61 at 13.) Alternatively, Moving Defendants argue the Court should simply disregard the Prosecutor's File if it decides to rule on the motion as a motion to dismiss. (*Id.*) Plaintiffs contend the motion should be converted to one for summary judgment based on the Moving Defendants' reliance on the Prosecutor's File. (ECF No. 52 at 11-13.)

The Court will decide this motion under Rule 12(b)(6) as a motion to dismiss and therefore limits its review to only the Second Amended Complaint without considering the Prosecutor's File. Plaintiffs' claims are not based on the Prosecutor's File. Rather, Plaintiff's claims are based on the alleged actions of the Security Staff, Howell Police Officers, and others at the Souper Groove music festival. Similarly, the investigation of the Prosecutor's Office, contained in the Prosecutor's File, is based on the same alleged incident. This does not mean Plaintiffs' allegations are based on the Prosecutor's File. Moreover, it is not clear to the Court that Plaintiffs relied on

the Prosecutor's File, since it is neither mentioned nor incorporated into the Second Amended Complaint. Therefore, the Court must decide the motion under the standard for a motion to dismiss.

Additionally, the Court will not consider the opposition submitted by defendants Howell Township and Andrew A. Kudriack. While the Court acknowledges their position, the motion can be decided on the papers submitted by Moving Defendants and Plaintiffs.

## B. Counts Three And Four – Section 1983 Claims

Moving Defendants argue Counts Three and Four, which are based on § 1983, should be dismissed as to them because Moving Defendants were not acting under color of law. In their opposition, Plaintiffs concede they "never alleged that [Moving Defendants] acted under color of state law or violated [Harden's] civil rights." Although the Court notes Count Four mentions the Security Staff, Plaintiffs maintain the Second Amended Complaint was not intended to bring § 1983 claims against them. (ECF No. 52 at 22 ("The causes of action brought against [Moving Defendants] are supplemental state law claims . . . .").)

Accordingly, no § 1983 claims were raised against the Moving Defendants and the motion to dismiss as **DENIED AS MOOT** as to Counts Three and Four.

## C. Count Seven – Assault And Battery

Plaintiffs allege in Count Seven the Security Staff "committed an assault and battery on [Harden] by physically injuring him without justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm." (ECF No. 36 at 17 ¶ 2.) Plaintiffs also allege the Security Staff "responded to [Harden]'s mental and physical condition [at the festival] by restraining him with excessive and unreasonable physical and/or deadly force" which included "choking him and fracturing his thyroid cartilage" and that Harden also "sustained numerous contusions and abrasions on his head and all over his body." (*Id.* at 7 ¶¶ 5, 8.)

These allegations against the Security Staff are sufficient to overcome the motion to dismiss. Plaintiffs alleged more than a sheer possibility that the Security Staff are liable by citing specific factual details and providing more than a recitation of the elements of the cause of action. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555-70).

Accordingly, the motion to dismiss is **DENIED** as to Count Seven.

**D. Count Nine – Negligent Hiring, Training And Supervision/Failure To Provide Adequate Security**

Plaintiffs allege Moving Defendants were "agents, servants, and/or employees" of the Souper Groove Defendants and/or Griffin Security and that any or all of these defendants "negligently, recklessly and/or intentionally failed to adequately screen, hire, train, supervise, and/or discipline [the Security Staff]." (ECF No. 36 at 19 ¶¶ 2-3.) The alleged conduct includes:

> (1) failure to investigate violent, criminal and/or dangerous propensities of [the Security Staff] prior and/or subsequent to their hiring; (2) failure to train and supervise [the Security Staff] in the use of physical force and providing medical and/or other assistance to, and interacting with, individuals experiencing medical and/or psychiatric emergencies, and (3) failing to train and/or ensure that [Griffin Security]; Glenn Griffin; Allan Griffin; [and Security Staff] were trained pursuant to SORA (The Security Officer Registration Act), and/or were SORA certified according to the laws of the State of New Jersey.

(*Id.* at 19 ¶ 3.)

Moving Defendants argue these allegations are conclusory and do not provide specific examples of the alleged deficiencies in the hiring and training practices. (ECF No. 49-1 at 11.) The Court disagrees. Contrary to Moving Defendants' argument, Plaintiffs' Second Amended Complaint specifically provides examples of Moving Defendants' alleged failure to train the Security Staff, as quoted above. (ECF No. 36 at 19 ¶ 3.)

Moving Defendants also contend this cause of action fails because it "seeks to impose personal liability upon Glenn [Griffin] and Allan Griffin for nothing more than being principal owners of Griffin Security [], an entity that shield[s] individuals from liability under limited liability corporation laws." (ECF No. 49-1 at 11.) Moving Defendants misread Plaintiffs' allegations. Plaintiffs do not allege that Glenn Griffin and Allan Griffin are liable solely in their positions as owners of Griffin Security. Rather, Plaintiffs allege Glenn Griffin and Allan Griffin, "acting in supervisory capacities," were directly liable under this cause of action. (ECF No. 36 at 4 ¶ 16, 19 ¶¶ 2-3.)

Accordingly, Plaintiffs have sufficiently pled this cause of action against Moving Defendants and the motion to dismiss is **DENIED** as to Count Nine.

## E. Count Ten – Agency

Plaintiffs allege the Souper Groove Defendants and/or Moving Defendants were "agents, servants, and/or employees" of the Souper Groove Defendants, Griffin Security, Glenn Griffin, and/or Allan Griffin and that the Souper Groove Defendants, Griffin Security, Glenn Griffin, and/or Allan Griffin "are liable for the intentional and/or negligent acts of its agents, servants and/or employees . . . by virtue of the doctrine of respondeat superior." (ECF No. 36 at 21-22 ¶¶ 2, 5.) Moving Defendants argue this Count "allege[s] violations of agency . . . but fails to allege any facts in support as to what each named Defendant actually did to merit liability." (ECF No. 49-1 at 11.)

This Court is required to "accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiffs]." *Phillips*, 515 F.3d 224 at 228. The Second Amended Complaint alleges the Souper Groove Defendants hosted a music festival at which Griffin Security and its Security Staff provided services. Plaintiffs cannot

be charged with knowing the exact relationship amongst these parties at this pre-discovery stage. Plaintiffs have stated a claim against the Security Staff for assault and battery and against Moving Defendants for negligent hiring, training and supervision and failure to provide adequate security, and thus, the Plaintiffs have sufficiently stated a cause of action for agency.

Accordingly, the motion to dismiss is **DENIED** as to Count Ten.

## F. Count Twelve – Breach Of Duty To Harden To Not Expose Him To An Unreasonable Risk Of Injury

Plaintiffs allege the Souper Groove Defendants and Moving Defendants "had a duty to [Harden] to not expose him to an unreasonable risk of injury" and "[t]hrough the acts and omissions set forth at length [in the Second Amended Complaint], . . . breached that duty." (ECF No. 36 at 24 ¶¶ 2-3.) Moving Defendants again argue this Count "fails to allege any facts in support as to what each named Defendant actually did to merit liability." (ECF No. 49-1 at 11.)

Plaintiffs incorporated its prior causes of action and allegations into Count Twelve. (ECF No. 36 at 24 ¶¶ 1-3.) Accordingly, the details regarding the Moving Defendants involvement in Harden's death, which the Court has already found were sufficiently plead, were incorporated into this cause of action. Taking those details into account, Plaintiffs have sufficiently plead a cause of action for breach of duty, alleging Moving Defendants exposed Harden to an unreasonable risk of injury by "restraining him with excessive and unreasonable physical and/or deadly force" (*id.* at 7 ¶¶ 5, 8) and failing to provide adequate security (*id.* at 19 ¶ 3), specific examples of which are provided in those respective causes of action.

Therefore, the motion to dismiss is **DENIED** as to Count Twelve.

**G. Claims By Individual Plaintiffs**

Moving Defendants argue the Second Amended Complaint fails to make any allegations on behalf of Taylor and Barna individually. Though Plaintiff did not interpose an opposition to this component of the motion, the Court will review same on the merits and apply the standard set forth in *Iqbal*, 556 U.S. at 678-79, and *Twombly*, 550 U.S. at 555-70.

A review of the Second Amended Complaint reveals the only reference to Taylor and Barna as individuals are in the "Wherefore" clauses, demanding "damages pursuant to the New Jersey Wrongful Death and Survivor's Act." Because Plaintiffs demanded these damages in Counts Seven, Nine, Ten, and Twelve, the motion is **DENIED**.

**IV. CONCLUSION**

For the reasons set forth above, the Moving Defendants' motion is **DENIED** on the merits as to Counts Seven, Nine, Ten, and Twelve, and as moot as to Counts Three and Four.

*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  January 30, 2017